**In re: GOVERNMENT OF THE VIRGIN ISLANDS,**
**Petitioner,**

**v.**

**Hon. Audrey L. THOMAS,**
**Nominal Respondent,**

**and**

**Wade Gumbs, Respondent.**

**No. CIV.A.2004–34.**

District Court, Virgin Islands,
Appellate Division.
D. St. Thomas.

Considered: June 4, 2004.

Filed: Oct. 5, 2004.

Maureen Phelan, Esq., St. Thomas, VI, for Petitioner.

Verne A. Hodge, Jr., St. Thomas, VI, for Nominal Respondent.

Arturo J. Watlington, Esq., St. Thomas, VI, for Respondent.

Before: RAYMOND L. FINCH, Chief Judge of the District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and EDGAR D. ROSS, Judge of the Territorial Court of the Virgin Islands, Division of St. Croix, Sitting by Designation.

## MEMORANDUM

PER CURIAM.

## I. INTRODUCTION

The Government requests that this Court grant a petition for writ of mandamus directing the trial court to dismiss two related criminal cases without prejudice. We will issue the writ for the reasons that follow.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2002, the government alleges that the respondent Wade Gumbs entered a house at Nye Nordsidevej and shot at several people inside. Darren Gumbs was killed in this shooting and Charles Turbe was injured. On April 23, 2002, the Government of the Virgin Islands filed an information (Crim. No. 146/02) charging the respondent with first degree murder and unauthorized possession of a

firearm in relation to the death of Darren Gumbs.

On May 17, 2002, the government moved to amend the information to add additional charges: the first and third degree assault of Charles Turbe and possession of a firearm during a crime of violence.

In an order dated June 5, 2002, Territorial Court Judge Brenda J. Hollar denied the motion to amend because it sought to add the assault against Turbe. In this order, Judge Hollar informed the government that its other option was to file another information and then move to consolidate. Judge Hollar also told the government at the hearing that the case was transferred to Judge Ishmael Meyers and to file such a motion with him. On June 28, 2002, the government renewed its motion to amend the information. To date, the trial court has yet to rule on this motion.

The government proceeded to file a separate information (Crim No. 246/02) charging the respondent with the attempted murder of Turbe and unlawful possession of a firearm. Then the government moved the trial court either to grant its motion to amend the information, or, alternatively, to grant its motion to consolidate the two cases.

The matter was reassigned to Judge Audrey L. Thomas. On October 17, 2003, Judge Thomas denied the motion to consolidate "for the reasons expressed in the Court's Order dated June 5, 2003." On October 29, 2003, the government moved to dismiss both Crim Nos. F146/02 and F246/02, stating that once this motion was granted, it would file a single information charging the respondent with several counts based on the February 8, 2002 shooting at Nye Nordsidevej. The government stated as its rationale that this would avoid two jury trials relating to the same incident. Judge Thomas denied this motion without further comment on December 22, 2003.

On January 9, 2004, the government moved the trial court to reconsider, relying on the Attorney General's discretion to dismiss a prosecution. At the March 25 hearing on this matter, Judge Thomas refused to reconsider her earlier order because she found that the dismissal would prejudice Mr. Gumbs, without specifying what prejudice would result. (Transcript Hrg. at 6, 23.) On March 26, Judge Thomas ordered the government to submit a memorandum of law supporting its motion to reconsider as required by Local Rule of Civil Procedure 7.1(e). Instead, on April 5, the government filed a notice of withdrawal of the motion to reconsider, noting that Judge Thomas had already denied the motion. On May 13, 2004 the government filed this petition for a writ of mandamus.[1]

The government now requests that this Court grant the petition and direct Judge Thomas, the nominal respondent, to enter an order dismissing *Government of the Virgin Islands v. Wade Gumbs,* T.C.Crim. No. 146/02, and *Government of the Virgin Islands v. Wade Gumbs,* T.C.Crim. No. 246/02, without prejudice. The government argues that the nominal respondent could not refuse to grant its Federal Rule of Criminal Procedure 48(a) request to dismiss these cases where no prosecutorial misconduct or improper motive was shown.

## III. DISCUSSION

### A. Jurisdiction and Standards of Review

 Under 4 V.I.C. § 33, this Court has jurisdiction over an appeal from the criminal case underlying this petition for writ of

---

1. Earlier on April 8, 2004 this Court stayed the scheduled criminal trials on these two informations pending resolution of the forthcoming petition for writ of mandamus.

mandamus. *See* Section 23A of the Revised Organic Act.[2] Therefore, it has jurisdiction over the petition itself. *See* V.I. CODE ANN. tit. 4 § 34; *In Re Richards,* 213 F.3d 773, 776 (3d Cir.2000); *Dawsey v. Government of the Virgin Islands,* 931 F.Supp. 397, 403 (D.Virgin Islands), *aff'd* 106 F.3d 384 (3d Cir.1996), *cert. den. sub nomine Hollar v. Government of the Virgin Islands,* 520 U.S. 1277, 117 S.Ct. 2459, 138 L.Ed.2d 216 (1997).

■ The issuance of a writ of mandamus is committed to the sound discretion of the appellate court. *In re Richards,* 213 F.3d at 781–2. The writ can be used: to prevent a trial court from usurping power that it lacks, to compel it to exercise authority when it has a duty to do so, to rectify a clear abuse of discretion, and to correct a clear error of law. *See In re School Asbestos Litigation,* 977 F.2d 764, 773 (3d Cir.1992); *United States v. Wexler,* 31 F.3d 117, 128 (3d Cir.1994).

## B. The trial court must allow the government to dismiss the case

■ A writ of mandamus is an extraordinary remedy, and a petitioner must show (1) no other adequate means to obtain relief, and (2) a clear and indisputable right to the writ. *Dawsey,* 931 F.Supp. at 400. The government has met this heightened standard, so we will grant this petition.

■ The government has shown that it has no other adequate means to obtain relief besides this writ of mandamus. To require the government to try the respon-

dent before two separate juries for offenses arising out of the same incident is contrary to the plain language of Federal Rule of Criminal Procedure 8(a), which gives the government the presumptive right to charge a defendant in the same information with more than one offense growing out of the same the same incident.[3] Because the government will irrevocably lose that right if it is required to conduct two separate trials, no appellate or other remedy is adequate to provide the relief to which the petitioner is entitled. Furthermore, it would be especially wasteful of judicial resources to require the government to wait until after the two separate criminal trials before it could seek the relief by way of an appeal.

■ We again reject out of hand the nominal respondent's argument that the government's petition should be denied because it could have petitioned the Presiding Judge under Territorial Court Rule 14. Section 72b(a) of title 4 of the Virgin Islands Code designates the Presiding Judge as the "administrative head of the court" and charges her with "observance by the court of the rules ... governing the practice and procedure of the territorial court" and "assigning the cases among the judges." Pursuant to this statutory grant of authority, the Presiding Judge has the power to resolve administrative problems, not the power to review rulings of the trial court on legal questions. Rule 14, entitled "Administrative Remedies under 4 V.I.C. § 72b", simply clarifies the procedure for raising these administrative concerns:

---

**2.** The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2001), *reprinted in* V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. Code Ann. tit. 1).

**3.** Rule 8(a) provides: "The ... information may charge a defendant in separate counts

with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a).

Any aggrieved litigant or attorney may petition the Presiding Judge in writing for *administrative* resolution of any matter involving observance by judges or other judicial personnel of the Court's Rules of Practice and Procedure or the prompt dispatch of the Court's *business* ... Upon receipt of the petition, the Presiding Judge shall review the matter and take such *administrative* action as is deemed appropriate....

(emphasis added). Since the government is raising a substantive *legal* question regarding the trial court's refusal to dismiss a prosecution, and not an *administrative* matter, Rule 14 has no applicability. *See In re Richards,* 52 F.Supp.2d 522, 533 (D.Virgin Islands 1999), *overturned on other grounds,* 213 F.3d 773 (3d Cir.2000).

We agree that the government has shown a clear and indisputable right to dismiss these two criminal cases, so it can refile them as one case. The nominal respondent's ruling at the March 25 hearing exceeded the authority of the Territorial Court under Federal Rule of Criminal Procedure 48(a). The trial court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is "clearly contrary to manifest public interest." *In Re Richards,* 213 F.3d at 787. As an example, the court may refuse to dismiss a criminal case when the prosecutor acts with an improper motive. *See United States v. Hamm,* 659 F.2d 624, 630 (5th Cir.1981). Rather than finding any improper motive, the nominal respondent informed the government that it would not allow the respondent "to be tried with respect to the two matters at the same time" because it was "more prejudicial than probative" and had "already been denied." (Transcript Hrg. at 6.) This was not a sufficient reason to deny the government's motion to dismiss. *See Dawsey,* 931 F.Supp. at 403 (finding that the trial

court could only deny such a motion when a prosecutor's actions indicate a betrayal of public trust).

Although a writ of mandamus is an extraordinary remedy, we conclude it is warranted in this case. The trial judge improperly limited the petitioner's prosecutorial discretion without articulating what manifest public interest the dismissal would violate.

## IV. CONCLUSION

For the foregoing reasons, we grant the petition for writ of mandamus. The government properly exercised its discretion to dismiss these two cases and to refile them under one information. We will direct the trial court to grant the motion to dismiss the two related criminal cases. An appropriate order follows.

### ORDER

**AND NOW,** this 5th day of October, 2004, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Memorandum of even date, it is hereby

**ORDERED** that the petition for writ of mandamus is **GRANTED.** The Territorial Court shall order dismissal of the two related criminal cases.